UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| KATHLEEN MELLON, | } | |
| ON BEHALF OF HERSELF AND | } | |
| ALL OTHERS SIMILIARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:18-cv-02285-AJN |
| | } | |
| ENHANCED RECOVERY COMPANY, LLC | } | |
| | } | |
| Defendant. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Kathleen Mellon [hereinafter "Mellon"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3. Mellon is a natural person residing at 1314 Smithtown Avenue, Apt. 37, Bohemia, NY 11716.

4. Mellon is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5. On or about March 28, 2016, Enhanced Recovery sent Mellon the letter annexed as Exhibit A.  Mellon received and read Exhibit A.  For the reasons set forth below, Mellon's receipt and reading of Exhibit A deprived Mellon of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

6. Per statements and references in Exhibit A, Enhanced Recovery sent Exhibit A to Mellon in an attempt to collect a past due debt.

7. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a JCPenney credit card account by Synchrony Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A JCPenney credit card account is an account issued to consumers for use at JCPenney and JCPenney sell goods used primarily by consumers primarily for personal, family or household purposes. ERC, via Exhibit A, attempted to collect this past due debt from Mellon in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Enhanced Recovery is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Enhanced Recovery possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. Based upon Exhibit A and upon Enhanced Recovery possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Enhanced Recovery is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts

to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. On Exhibit A, Enhanced Recovery identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

12. Based upon the allegations in the above three paragraphs, Enhanced Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

14. Exhibit A set forth an "Amount of Debt" of $1,266.28.

15. Upon information and belief based on a review of collection letters where Synchrony Bank is the creditor and the collection letter indicates that Synchrony Bank may continue to add interest and fees as provided in your agreement, including collection letters where the debt was based on an individual being issued a JCPenney credit card account by Synchrony Bank, Synchrony Bank continued to accrue interest, late charges, and/or other charges on the "Amount of Debt" set forth in Exhibit A.

16. Exhibit A failed to notify Mellon that her "Amount of Debt" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

17. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Mellon.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

19. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

21. As a result of sending Exhibit A to Mellon, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

23. The class consists of (a) all natural persons (b) who received a letter from ERC dated between October 17, 2016 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

24. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

25. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

26. The predominant common question is whether Defendant's letters violate the FDCPA.

27. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

28. A class action is the superior means of adjudicating this dispute.

29. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against ERC in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:         May 4, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107