UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kathleen Mellon,

                Plaintiff,

      –v–

Enhanced Recovery Company, LLC,

                Defendant.

18-CV-2285 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    After the Court dismissed this FDCPA action, Defendant moved for sanctions against Plaintiff. To receive sanctions in an FDCPA case, there must be "clear evidence that the litigant's conduct was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt.*, 897 F.3d 42, 56 (2d Cir. 2018) (quotation omitted). "A claim is entirely without color when it lacks any legal or factual basis." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999).

    This case centered on whether a collection notice sent to Plaintiff was misleading under the FDCPA, because it did not mention interest or other late fees. In *Taylor v. Financial Recovery Services*, the Second Circuit held "that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of" the FDCPA. 886 F.3d 212, 215 (2d Cir. 2018). In such an instance, the collection notice need not mention interest or fees at all. But if interest or other fees are in fact continuing to accrue, then the failure to disclose those interest and fees in a collection notice is actionable. *See id.*

    Defendant argues that its motion should be granted because Plaintiff only alleged that interest and fees *could* accrue, not that they were actually doing so. But this is incorrect:

Plaintiff did allege that interest and other charges "continued to accrue." Amended Complaint, Dkt. No. 22, ¶ 15; Complaint, Dkt. No. 15, ¶ 15. There is no indication that Plaintiff intended to use the word "accrue" any differently than the *Taylor* court did. If interest or other fees were accruing, then the collection notice's failure to disclose that fact would make it misleading under the FDCPA. Likewise, the proposed payment schedules in the letter would be misleading because it did not account for the interest or other fees that continued to accrue. The flaw with Plaintiff's complaint was not that it failed to allege that interest or other fees continued to accrue, as Plaintiff argues. The problem was that this allegation was "conclusory" and Plaintiff failed to subsequently amend her complaint. Dkt. No. 30. Defendant's argument therefore fails because it is premised on a misreading of Plaintiff's pleading.

Furthermore, Judge Spatt has found similarly worded allegations about the accrual of interest that were almost as bare as the ones in this case to be sufficient to state a claim under the FDCPA. *See Anzelone v. ARS Nat'l Servs.*, No. 2:17-cv-04815, 2018 U.S. Dist. LEXIS 118127, at *10-*12 (E.D.N.Y. July 16, 2018). Accordingly, the Court cannot conclude that Plaintiff's litigation conduct was entirely without color.

Defendant's motion for sanctions is denied.

This resolves Dkt. No. 36.

Dated: May  8 , 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge